**ANARGYROS v. EDWARDS, Collector of Internal Revenue.**

Circuit Court of Appeals, Second Circuit.
May 14, 1928.

No. 276.

1. Internal revenue ⟫2(12)—Taxation for privilege of conducting particular business, with penalties for nonpayment of taxes, is lawful (Revenue Act 1918, § 1005 [Comp. St. § 5980s]).

Method of taxation by imposing taxes on persons or groups of persons for the privilege of conducting a particular business, as well as penalties for nonpayment of taxes as done by Revenue Act 1918, § 1005 (Comp. St. § 5980s), is lawful.

2. Internal revenue ⟫9(2)—Manufacturer of cigarettes held not entitled to reduction of special excise tax on ground part of product was exported (Revenue Act 1918, § 1002, Comp. St. § 5980p; Act of Aug. 4, 1886, c. 896, § 1, 26 USCA §§ 785, 849; Internal Revenue Act, § 700(a), Comp. St. § 6204c(a)).

Under Revenue Act 1918, § 1002, Comp. St. § 5980p, imposing special tax on manufacturers of cigarettes measured by number of cigarettes sold in preceding year constituting an excise tax on the specific occupation, manufacturer is not entitled, under Act of Aug. 4, 1886, § 1 (26 USCA §§ 785, 849; Comp. St. § 6194), to reduction of tax because some of product was exported, in that such tax constitutes a tax on the occupation measured by the product, irrespective of whether sales were for domestic consumption or for export as opposed to ordinary internal revenue tax imposed by Internal Revenue Act, § 700(a), Comp. St. § 6204c(a).

In Error to the District Court of the United States for the Southern District of New York.

Suit by S. Anargyros against William H. Edwards, Collector of Internal Revenue for the Second District of New York, to recover taxes paid under protest. Judgment for defendant (22 F.[2d] 707), and plaintiff brings error. Affirmed.

Lord, Day & Lord, of New York City (Franklin Grady and Richard S. Holmes, both of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The complaint, seeking to recover for a tax paid by the plaintiff in error, a manufacturer of cigarettes, for the privilege of engaging in that occupation, was dismissed below on motion, where it was held not to state a cause of action. For the year ending June 30, 1921, in accordance with the provisions of title 10, § 1002, of the Revenue Act of 1918 (Comp. St. § 5980p), the tax in question was imposed on manufacturers of cigarettes. It was measured by the number of cigarettes sold by it in the preceding year ending June 30, 1920. In computing this tax, the commissioner included in the number of cigarettes sold by the plaintiff in error cigarettes which it sold for export. The claim is that such imposition of tax is contrary to section 1 of Act Aug. 4, 1886, c. 896, 24 Stat. 218 (26 USCA §§ 785, 849; Comp. St. § 6194), which provides that tobacco products may be exported without payment of a tax. Below it was held that the tax in question was an excise tax upon a specific occupation, measured by the amount of sales in the preceding year, and that the statute exempting tobacco exported related only to the tax imposed upon the sales of cigarettes by other taxing statutes. Section 1002 reads:

"Sec. 1002. That on or after January 1, 1919, there shall be levied, collected, and paid annually, in lieu of the taxes imposed by section 408 of the Revenue Act of 1916, the following special taxes, the amount of such taxes to be computed on the basis of the sales for the preceding year ending June 30:
* * *

"Manufacturers of cigarettes, including small cigars weighing not more than three pounds per thousand shall each pay at the rate of 6 cents for every ten thousand cigarettes, or fraction thereof.

"In arriving at the amount of special tax to be paid under this section, and in the levy and collection of such tax, each person engaged in the manufacture of more than one of the classes of articles specified in this section shall be considered and deemed a manufacturer of each class separately."

Comp. St. § 5980p.

Act of Aug. 4, 1886, § 1, 24 Stat. 218 (26 USCA §§ 785, 849; Comp. St. § 6194), provides that manufactured tobacco, snuff, and cigars may be removed for export to a foreign country without payment of tax, under such regulations, and the making of such entries, and the filing of such bonds and bills of lading as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe.

[1, 2] The argument for reversal of the judgment below rests upon the claim that, because certain tobacco products may be exported to a foreign country without payment of the tax under conditions specified in section 1 of Act Aug. 4, 1886, c. 896, a different tax may not be imposed under section 1002. Irrespective of the destination of cigars and tobaccos or the amount of sales in the tax year, a tax is imposed upon a manufacturer measured by the amount of sales in the previous year. The two taxes are different in their nature. A capital stock tax is imposed on corporations under title 10, section 1000 (Comp. St. § 5980n), and by section 1002 a special tax is imposed upon persons engaged in occupations as there enumerated. By section 1005 (Comp. St. § 5980s) taxes are imposed upon persons or groups of persons for the privilege of conducting a particular business, as well as penalties for nonpayment of said taxes. This method of taxation is lawful. Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. Section 1002 imposes a tax upon the sale of cigarettes as opposed to a tax upon the manufacture; and the tax imposed by section 700 (a) of the Internal Revenue Act (Comp. St. § 6204c[a]) is an ordinary internal revenue tax. Cigarettes manufactured by the plaintiff in error used for domestic consumption pay the tax provided by section 700 (a), and section 1 of Act Aug. 4, 1886, c. 896, exempts from the ordinary internal revenue tax the sales of tobacco cigarettes which are sold for export. The two statutes are not in conflict. One imposes a tax upon the manufacturer of cigarettes for engagement in that business; the sec-

ond exempts the manufacturer from payment of additional tax, if the goods are destined for export. The tax is based upon the sales of the previous year, irrespective of whether those sales were for domestic consumption or for export. If they be for export, he does not pay the tax imposed by section 700 (a). If a mistake be made, and a manufacturer pays a sales tax upon cigarettes exported, he may recover it back. Section 1310 (c) of the Act of 1918 (26 USCA § 1263 (c); Comp. St. § 6371½k (c).

In the Flint Case, supra, an excise upon the privilege of doing business in the particular form was imposed, while here it is an excise upon the privilege of doing business of a particular kind. There it was said:

"In levying excise taxes, the most ample authority has been recognized from the beginning to select some and omit other possible subjects of taxation, to select one calling and omit another. * * * "

In Cornell v. Coyne, 192 U. S. 418, 24 S. Ct. 383, 48 L. Ed. 504, a tax was imposed upon filled cheese, and was held not to be a tax upon exports within the meaning of the constitutional prohibition, merely because some of the filled cheese eventually was exported.

In Spreckels Sugar Refining Co. v. McClain, 192 U. S. 397, 24 S. Ct. 376, 48 L. Ed. 496, the act provided that:

"Every person, firm, corporation, or company carrying on or doing the business of refining petroleum, or refining sugar, * * * shall be subject to pay annually a special excise tax equivalent to one-quarter of one per centum on the gross amount of all receipts." 30 Stat. 464.

In sustaining the validity of the tax the court held that it was not imposed upon the gross annual receipts as property, but only in respect of the carrying on or doing the business of refining sugar. The tax included persons as well as corporations. Plaintiff in error's argument, drawing a distinction between attempted excise on the kind of, as distinct from the form of, business, is without force. The Flint Case did not decide that the tax in question was an excise tax, because it taxed the privilege of doing that kind of business, but that it was a tax on the privilege of doing a certain kind of business and was an excise tax. The tax here is not a tax upon the goods which may hereafter become the subject of exportation; it is the tax upon the privilege of manufacturing cigarettes, and its measurement merely is by the manufactured cigarettes, in which are

included those which are subject to export. A tax imposed under section 700 (a) may be supported as a tax on the sale of goods. Section 700 (a) reads that "upon cigars and cigarettes manufactured in or imported into the United States, and hereafter sold * * * the following taxes [are] to be paid." Comp. St. § 6204c (a). This contemplates a sale, and the tax is on the manufacture and sale, or the importation and sale. While it may be true that there can be no tax without manufacture or importation, it is equally true there can be none without a sale.

In U. S. Glue Co. v. Town of Oak Creek, 247 U. S. 321, 38 S. Ct. 499, 62 L. Ed. 1135, Ann. Cas. 1918E, 748, there was involved an income tax of Wisconsin passed pursuant to the state Constitution. It taxed the net income including the income from goods sold to customers outside of the state, and delivered from its factory to such customers, the sales having been made and the goods shipped from plaintiff's branches in other states. The court sustained the validity of the act holding that it did not place a burden upon interstate commerce. It involved a state and not a federal statute, and concerned only the interstate commerce clause of the federal Constitution. In Brown v. Maryland, 12 Wheat. 419, 6 L. Ed. 678, the state statute provided that all importers of foreign goods shall take out a license for which they shall pay $50. The court held the act unconstitutional, because it conflicted with the constitutional provision that no state shall, without the consent of Congress, lay any imports or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws, and because it also conflicted with the power of the federal government to regulate interstate commerce. In Western Union Tel. Co. v. Texas, 105 U. S. 460, 26 L. Ed. 1067, the state statute imposed a tax on messages sent, and the court declared the act invalid on the ground that, where the burden of the taxation falls upon the thing which is subject to taxation, the tax is to be considered as laid on the thing, rather than on the person who is charged with the duty of paying it into the treasury, and on this ground concluded that it imposed a burden upon interstate commerce. Here again the state statute was involved, and the question was whether it violated the interstate commerce clause. These cases presented entirely different problems than the tax in the instant case.

We think the tax in question was properly laid and properly collected.

Judgment affirmed.