**R. J. REYNOLDS TOBACCO CO. v. ROBERTSON, Collector of Internal Revenue.**

No. 4201.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Alexander H. Sands, Jr., and Alexander H. Sands, both of Richmond, Va., for appellant.

Mills Kitchin, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and Carlisle W. Higgins, U. S. Atty., and Bryce R. Holt, Asst. U. S. Atty., both of Greensboro, N. C. on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The R. J. Reynolds Tobacco Company sues to recover from the collector of internal revenue federal taxes paid under protest on certain cigarettes and tobacco products manufactured by it at Winston-Salem, N. C. The goods were delivered on April 5, 1934, from its factory to a common carrier for transportation to the port of Norfolk and thence to foreign purchasers. After the goods had left the factory and were in the course of transportation, they were stolen near the city of Roanoke Rapids, N. C., by bandits and have never been recovered. As the goods were intended for export, they bore, in lieu of the regulation internal revenue stamps, an export label upon each package marking the goods for exportation.

An application for export and an export bond, as provided by Treasury regulations, had been executed but, as the goods did not reach the seaboard, the Commissioner of Internal Revenue on April 12, 1935, assessed taxes thereon in the amount of $6,226.62 under section 400(a) of the Revenue Act of 1926, 44 Stat. 9, 87, 26 U.S.C.A. §§ 700(c) and note, 701(a), and section 401(a), 26 U. S.C.A. §§ 700(a), 701(a); and on May 8, 1935, the tobacco company paid under protest the taxes demanded, together with interest and penalty, in the aggregate sum of $6,537.95, which it now sues to recover with interest.

The claim of the manufacturer is that no tax was payable on the goods because of section 1 of the Act of August 4, 1886, 24 Stat. 218, and section 1121 of the Act of February 26, 1926, 44 Stat. 121, 26 U.S.C.A. § 835(a)(1), whereby manufactured tobacco and cigarettes removed for export to a foreign country is exempted from the tax; and because of article 1, section 9, clause 5, of the Federal Constitution, which provides that no tax or duty shall be laid on articles exported from any state. The position of the government on the contrary is that the tax was imposed upon the manufacture of the goods and became collectable upon the withdrawal of the goods for export, and that therefore the imposition of the tax was not in conflict with the statutes or the Constitution. The District Judge adopted the view of the United States and dismissed the action. The same facts were before this court in R. J. Reynolds Tobacco Co. v. Robertson, 4 Cir., 80 F.2d 966, wherein a temporary injunction to restrain the collection of the tax was denied on the ground that the taxpayer had an adequate remedy at law in the right to pay the tax and sue for its recovery.

The taxing statutes, as codified in 26 U. S.C.A. § 700, are as follows:

"Section 700. *Rate of tax*

"(a) *Tobacco and snuff.* Upon all tobacco and snuff manufactured in or imported into the United States, and sold by the manufacturer or importer, or removed for consumption or sale, there shall be levied, collected, and paid a tax of 18 cents per pound. The tax imposed by this subsection shall be in addition to any import duties imposed upon imported tobacco and snuff. (R.S. § 3377; Feb. 26, 1926, c. 27, § 401(a), 44 Stat. 88). * * *

"(c) *Cigars and cigarettes.* Upon cigars and cigarettes manufactured in or imported into the United States, which are sold by the manufacturer or importer, or removed for consumption or sale, there shall be levied, collected, and paid the following taxes: * * *

"(2) *Cigarettes.* On cigarettes made of tobacco, or any substitute therefor, and weighing not more than three pounds per thousand, $3. per thousand. * * * Feb. 26, 1926, c. 27, § 400(a), 44 Stat. 87."

The exempting statutes are codified as follows in 26 U.S.C.A. § 835(a)(1):

"§ 835. *Exemption from tax*

"(a) Shipments to foreign countries and possessions of the United States—(1) Manufacturers. Manufactured tobacco, snuff, cigars, or cigarettes may be removed for export to a foreign country or for shipment to a possession of the United States without payment of tax under such rules and regulations and the making of such entries, and the filing of such bonds and bills of lading as the Commissioner, with the approval of the Secretary, shall prescribe. (R.S. § 3387, Aug. 4, 1886, c. 896, § 1, 24

Stat. 218; Feb. 26, 1926, c. 27, § 1121, 44 Stat. 121)." [1]

It is established by the decisions of the Supreme Court that it is not an infringement of article 1, section 9, clause 5 of the Constitution, for Congress to impose a tax upon the manufacture of goods so as to subject goods manufactured for export to the same tax as all other manufactured goods, Cornell v. Coyne, 192 U.S. 418, 24 S. Ct. 383, 48 L.Ed. 504, but that a federal tax on the sale of goods is invalid, in so far as it relates to goods intended for export when the sale is consummated only by delivery of the goods to the carrier for export, that is, when the act that passes the title is the first step in the exportation of the goods. Spalding & Bros. v. Edwards, 262 U.S. 66, 43 S. Ct. 485, 67 L.Ed. 865.

It is also established that the tax of 18 cents a pound imposed by section 401(a) of the Revenue Act of 1926, 26 U.S.C.A. §§ 700(a), 701(a), upon tobacco manufactured in the United States and sold by the manufacturer is a tax upon the manufacturer and not upon the sale of the goods, being laid upon each pound of goods made irrespective of the sales price, although the time of payment is deferred until the product is sold or removed for consumption or sale. Liggett & Myers Co. v. United States, 299 U.S. 383, 57 S.Ct. 239, 81 L.Ed. 294. Reference is made in the decision to Treasury Regulations No. 8 (1928 edition), wherein it is stated that the tax accrues on such manufactures upon removal from the factory or place where they were made, or upon sale prior to such removal. See, also, Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277; Anargyros v. Edwards, 2 Cir., 26 F.2d 319.

The taxpayer's point in the pending case is not that the tax imposed was a sales tax, but that, since it did not accrue until the removal of the goods from the factory took place, and this act was the first step in exportation, the imposition of the tax was not only contrary to the constitutional prohibition but also to the exempting provisions of the statute. We are not in accord with this view. The tax was none the less a tax upon manufacture because it was not payable by the manufacturer or collectable by the United States until the sale or removal of the goods. This is the plain meaning of the statute. The reference in the regulations to the time of the accrual of the tax was obviously not intended as an official ruling that the tax was imposed upon the removal of the goods, and it could not have had this effect in view of the authoritative decision that the tax is imposed upon the manufacture of the goods. In Liggett & Myers Co. v. United States, supra, the court said (299 U.S. 383, at page 386, 57 S. Ct. 239, 241, 81 L.Ed. 294): "True the limit of time for making payment is when the product is sold or removed, but this is a privilege designed to mitigate the burden; it indicates no purpose to impose the tax upon either sale or removal."

The regulations promulgated by the Commissioner, with the approval of the Secretary, which prescribe the form of the entries and bonds to be executed by the manufacturer, are designed to furnish as-

[1] The Tobacco Company relies particularly on the provisions of the Act of February 26, 1926, c. 27, § 1121, 44 Stat. 121, referred to in the last mentioned section. The codifiers have regarded 26 U. S.C.A. § 835 (a) (1), as above set out, as representing both section 1 of the Act of August 4, 1886, and section 1121 of the Act of February 26, 1926. The latter section is as follows:

Section 1121. "Under such rules and regulations as the Commissioner with the approval of the Secretary may prescribe, the taxes imposed under the provisions of Title IV or VI or of section 903 shall not apply in respect of articles sold or leased for export or for shipment to a possession of the United States and in due course so exported or shipped. Under such rules and regulations the amount of any internal-revenue tax erroneously or illegally collected in respect of such articles so exported or shipped may be re-funded to the exporter or shipper of the articles, instead of to the manufacturer, if the manufacturer waives any claim for the amount so to be refunded."

Title 4 of the Act of February 26, 1926, § 400 et seq., 44 Stat. 87, relates to the tax on cigars, tobacco, and manufactures thereof.

Emphasis is placed by the taxpayer on the provision therein that the taxes imposed under title 4 shall not apply in respect of articles sold or leased for export and in due course so exported. Section 1 of the Act of August 4, 1886, provides that manufactured tobacco, etc., may be removed for export without payment of tax. The difference is immaterial for, under either statute, the manufacturer has the definite right of exemption from the tax imposed when the goods are exported to a foreign country under the prescribed rules and regulations.

surance that goods claimed to be tax free are actually exported to foreign countries and that the tax will be paid if the prescribed proof of exportation is not furnished. The manufacturer in the pending case failed to furnish such proof, and indeed conceded that the goods were forcibly taken from the carrier before they reached the port of exportation. The tax imposed by the statute upon the manufacture of the goods was therefore properly assessed.

Affirmed.