PHILIP MORRIS, INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrente.

*Número:* R-76-338    *Resuelto:* 25 de abril de 1977

Roberto Armstrong, Jr., Procurador General Interino, y Reina Colón de Rodríguez, Procuradora Geneal Auxiliar, abogados del recurrente; Goldman, Antonetti, Barreto, Curbelo & Dávila, abogados de la recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

A mediados de 1970, Philip Morris, Inc., canceló en Estados Unidos $98,280.00 en sellos de rentas internas del gobierno de Puerto Rico y los adhirió a cajetillas de cigarrillos destinados a nuestro mercado. La Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, Ley Núm. 2 de 20 de enero de 1956, según enmendada, 13 L.P.R.A. secs. 4010(a), 4060(a)(2)(a) y 4063(b), exigía para entonces la fijación y cancelación de tales sellos al momento de su introducción en Puerto Rico.(¹)

---

(¹) La Ley Núm. 8 de 17 de octubre de 1975 estableció un sistema distinto para el pago de estos arbitrios, suprimiendo el uso de los sellos de rentas internas.

Phillip Morris envió los cigarrillos al muelle de Nueva York, donde fueron hurtados. La policía de Nueva York pudo recuperar en dicha ciudad el 2.269 por ciento del embarque, cantidad que fue destruida más tarde al deteriorarse los cigarrillos en los almacenes de la Policía. No se sabe a ciencia cierta el paradero del resto. El Tribunal Superior concluyó que los cigarrillos no fueron introducidos en Puerto Rico, por lo cual no surgió la obligación contributiva. Determinó además que, aunque no existe una disposición estatutaria que disponga el reintegro en casos de esta naturaleza, estos se rigen por la doctrina que sentamos en *Liggett & Myers Tobacco Co.* v. *Buscaglia*, 64 D.P.R. 78 (1944), confirmada en 149 F.2d 493 (1st Cir. 1945). Resolvió el Tribunal en consecuencia que el Secretario de Hacienda debe reintegrarle a Phillip Morris la suma de $98,280.00 que ésta reclama en su demanda, más intereses. El Secretario recurrió ante nos de esta sentencia.

El problema específico con que nos confrontamos, la procedencia de reintegro de arbitrios en casos de hurto, es enteramente nuevo en esta jurisdicción. Debemos al efecto examinar, como trasfondo, su tratamiento en Estados Unidos en vista de la similaridad sobre este extremo entre nuestra legislación tributaria y la federal estadounidense anterior a 1954. En dicho año se enmendó la Ley Federal para prohibir expresamente el reintegro de arbitrios pagados en casos de hurto. 26 U.S.C. sec. 5705(a), c. 736, 68A Stat. 709. Se permite el reintegro tan solo en casos de destrucción de la mercancía por fuego, accidente o fuerza mayor. Esta enmienda no tuvo por propósito, según demuestra el historial legislativo del estatuto, modificar la situación existente antes de 1954. Los informes de las comisiones de la Cámara de Representantes y del Senado de los Estados Unidos que entendieron en el proyecto correspondiente, el H.R. 8300 (Union Calendar No. 498), 83[r] Cong., 2[a] Ses., 1954, revelan que el cambio que se estaba efectuando obedecía únicamente al deseo de rei-

terar por ley del Congreso lo resuelto ya sobre el particular por diversos tribunales. *House Report No. 1337 on The Internal Revenue Code of 1954*, 83ʳ Cong., 2ª Ses., 9 de marzo de 1954, págs. 98 y A 388; *Senate Report No. 1622*, 83ʳ Cong., 2ª Ses., 18 de junio de 1954, págs. 132, 553. No se estaba disponiendo por primera vez que en los casos de hurto no procedería el reintegro, mientras que en los otros mencionados sí; se estaba simplemente aclarando la intención legislativa para reforzar la norma sentada desde hacía tiempo por los tribunales. Respecto a dicha norma, véanse: *United States* v. *American Tobacco Co.*, 166 U.S. 468 (1897); *Stephano Bros. to use of Great American Insurance Co.* v. *United States*, 89 F.Supp. 693 (Ct. of Claims 1950); *Reynolds Tobacco Co.* v. *Robertson*, 22 F.Supp. 187 (D.C.M.N.C. 1937), conf. 94 F.2d 167 (4th Cir. 1938), *cert.* den. 304 U.S. 563 y 589 (1938). ·

▪ No puede acudirse en consecuencia a fuentes norteamericanas para validar la sentencia dictada en este caso. Queda por ver si nuestra decisión en *Liggett & Myers Tobacco Co., Inc.* v. *Buscaglia*, 64 D.P.R. 78 (1944), puede suplir el vacío de la ley y constituir autoridad para que el Secretario de Hacienda reintegre la totalidad de los arbitrios en este caso. La contestación es que no. En *Liggett* se ordenó el reintegro al hundirse el buque que transportaba los cigarrillos, con los sellos adheridos, a la Isla. *Liggett* es eco tan solo de la doctrina sentada en Estados Unidos desde tiempos de *United States* v. *American Tobacco Company*. No hay razón para extender a *Liggett* más allá de sus hechos a casos de hurto como el presente. No se nos ha citado, ni hemos podido hallar, caso alguno bajo la legislación de Estados Unidos o la de Puerto Rico en que se haya permitido el reintegro de arbitrios sobre mercancía hurtada no destruida. En casos de hurto en que no pueda eliminarse la posibilidad de que no haya ocurrido el evento contributivo, no cabe reintegro en ausencia de autorización. En la situación de autos única-

mente se eliminó dicha posibilidad respecto a la porción de cigarrillos destruida por la policía de Nueva York.

No existiendo autorización legislativa o norma jurisprudencial en contrario, consideramos que el Secretario de Hacienda de Puerto Rico carece de facultad para proceder al reintegro requerido de la totalidad de los sellos hurtados.

*Se expide el auto y se modifica por tanto la sentencia para ordenar tan solo el reintegro a Phillip Morris, Inc., de una suma equivalente al 2.269 por ciento de los arbitrios pagados en este caso, más intereses al tipo legal. Así modificada, se confirma la sentencia.*

Los Jueces Asociados Señores Rigau y Martín se inhibieron.