BERWIND LINES, INC., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* R-82-505        *Resuelto:* 16 diciembre de 1982

*Miguel Pagán, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo; *Andrés R. Nevárez González,* abogado de la recurrida.

PER CURIAM: Para enero de 1976, Berwind Lines, Inc. se dedicaba a la transportación marítima de carga entre Puerto Rico e Islas Vírgenes. Berwind arrendaba a la Autoridad de los Puertos un predio de terreno en Isla Grande, Puerto Rico, para llevar a cabo sus operaciones.

El 4 de enero de 1976, vía un vapor de Sea Land, llegó a Puerto Rico un furgón con cajas de *whisky* J & B. El furgón fue entregado a Berwind por Sea Land al día siguiente con el propósito de que Berwind lo transportase a St. Thomas, Islas Vírgenes, y lo entregase a Henry Elliot, Ltd., distribuidora de licores. Berwind estacionó el furgón en el predio en Isla Grande arrendado para tales fines.

El furgón fue hurtado el propio día de su entrega a Berwind. El Secretario de Hacienda requirió de Berwind el pago de $53,820 por concepto de impuestos sobre bebidas alcohólicas. Berwind satisfizo esta suma y solicitó reintegro, el cual le fue denegado. Berwind acudió en alzada ante el Tribunal Superior y éste ordenó al Secretario de Hacienda devolver los $53,820, más intereses. El Secretario de Hacienda ha recurrido ante nosotros. Berwind ha comparecido también. Resolvemos bajo la Regla 50 de nuestro Reglamento.

Conforme el Art. 8(c) de la Ley Núm. 143 de 30 de junio de 1969 (13 L.P.R.A. sec. 6008(c)), el impuesto sobre los espíritus destilados y las bebidas alcohólicas traídos del exterior recaerá "en el momento de la llegada a un puerto en Puerto Rico de la embarcación marítima o aérea que las transporte". El Art. 21(1) de la ley, 13 L.P.R.A. sec. 6021(1), establece la siguiente exención condicional:

No se cobrará el impuesto sobre espíritus destilados y/o bebidas alcohólicas en los siguientes casos:

(1) Espíritus destilados y bebidas alcohólicas en tránsito— Cuando los espíritus destilados o las bebidas alcohólicas pasen por Puerto Rico en tránsito consignados a personas en el exterior, mientras permanezcan bajo la custodia de la aduana o depositados en un almacén de adeudo autorizado por el

Secretario, si fueren embarcados fuera de Puerto Rico, dentro de los 120 días a partir de la fecha de introducción o importación.

■■■ Berwind alega que tiene derecho a que el impuesto pagado se le devuelva al amparo de la disposición citada. No le asiste la razón. Para que aplique la exención, las bebidas en tránsito tienen que permanecer bajo la custodia de la aduana o en un almacén de adeudo autorizado por el Secretario de Hacienda y ser embarcadas fuera de Puerto Rico dentro de los 120 días a partir de la fecha de su introducción. Como expresamos en *Esso Standard Oil* v. *A.P.P.R.*, 95 D.P.R. 772, 784 (1968), "Siendo las exenciones contributivas derogaciones del poder soberano, no deben extenderse más allá de los términos expresos y exactos del estatuto que las otorga y toda duda debe resolverse en contra de la existencia de la exención". En el caso presente no cabe ni aun la más mínima duda sobre la inaplicabilidad de la exención, ya que no se dieron ninguna de las condiciones que permiten su empleo. Adviértase, además, que el artículo en cuestión no se refiere a mercancía hurtada.

■■■ El Art. 24(a)(2) de la Ley de Bebidas, 13 L.P.R.A. sec. 6024(a)(2), es el que alude a mercancía sustraída. Provee el artículo:

No se cobrará impuesto alguno con respecto a espíritus destilados y bebidas alcohólicas:

(a) Que se hayan perdido mientras hayan estado en un almacén de adeudo

(1) por motivo de filtración o absorción de los envases o evaporación y por otras causas naturales, o

(2) que fueren sustraídos si el propietario de los espíritus o bebidas alcohólicas demuestra a satisfacción del Secretario que la sustracción ocurrió sin que mediara connivencia, colusión, fraude, culpa o negligencia de su parte. . . .

Este artículo es también inaplicable al caso de autos. El artículo trata únicamente de mercancía hurtada de un almacén de adeudo. No opera la exención si se le extrae de

un lugar distinto. Tal artículo arranca a todas luces de la legislación federal al efecto, la cual tan solo autoriza la no imposición del impuesto en casos de hurto de bebidas bajo adeudo. 26 U.S.C. sec. 5008(a)(1)(A). Así como ocurrió en *Philip Morris, Inc.* v. *Srio. de Hacienda,* 105 D.P.R. 925 (1977), *cert.* denegado 434 U.S. 931 (1977), bajo una situación de hechos análoga, el Secretario de Hacienda carece de autoridad en situaciones como la presente para reintegrar o no imponer los impuestos sobre espíritus destilados y bebidas alcohólicas que nuestra legislación ordena, a menos que el contribuyente pruebe que le amparan estrictamente las exenciones estatuidas.

Berwind sostiene, por último, que de proceder el pago impuesto, el mismo debe recaer sobre Sea Land o sobre Ventura Rodríguez, Inc., distribuidor de J & B en Puerto Rico. Berwind no ha colocado a este Tribunal, sin embargo, en condiciones de pasar juicio sobre los méritos, si alguno, de este planteamiento, ni son partes en esta causa ninguna de las entidades mencionadas.

*Se expedirá el auto y se revocará la sentencia dictada.*

El Juez Asociado Señor Irizarry Yunqué no intervino.